## Purchase of Supplies for Commonwealth

SCHNADER, Attorney General, December 29, 1933.—We have your request to be advised whether you may lawfully refrain from inviting proposals for supplies from persons who refuse to comply with the National Industrial Recovery Act of June 16, 1933, 48 Stat. at L. 195, 15 U. S. C. § 701. Your inquiry relates especially to special purchases made by your department as purchasing agency for a State institution.

Purchases such as these now in question are made under the following provisions of section 2409 of The Administrative Code of April 9, 1929, P. L. 177:

"In the event that requisitions are made upon the department for any article of furniture, furnishing, stationery, supplies, fuel, or any other matter or thing, the want of which was not anticipated at the time of the making of the schedules, the department may, in its discretion, invite proposals from at least two responsible bidders, unless the article can be procured from only one source, and, when one proposal shall be invited, such proposal or proposals, together with such requisition or requisitions, shall be submitted to the Board of Commissioners of Public Grounds and Buildings for approval or disapproval at its next meeting: Provided, however, That the department may, in its discretion, purchase in the open market, without inviting any proposal, any such article costing less than fifty dollars, but all such purchases shall be reported to the Board of Commissioners of Public Grounds and Buildings at its next meeting."

Under this provision your department is authorized to invite proposals "in its discretion" from at least two responsible bidders. There is no further statutory definition of your procedure in awarding or executing the contract.

You are not compelled to invite proposals from any concern merely because it requests the privilege of bidding.

Of course, it is good practice and sound policy to obtain the greatest possible amount of competition in all cases, and thus to procure for the Commonwealth the lowest price for the articles to be purchased.

In an effort to relieve the distress of the present economic situation and bring the depression to an end, Congress, in the National Industrial Recovery Act, conferred broad powers upon the President of the United States. He in turn, in the exercise of the powers thus conferred, has called upon all business concerns to become members of National Industrial Recovery Administration. Refusal to coöperate is not unlike refusal to conform to the orders of the President made under military stress in times of war; and for the same reasons which would justify you in excluding from competition alien enemies, or citizens disobeying regulations made during war times, you are entirely justified at this time in confining competition to those who are parties to or conduct their business under the applicable code of fair competition, agreement, or license approved, prescribed, or issued under the National Industrial Recovery Act.

In addition, it is obvious that a concern paying higher wages because of con-

formity to an NRA code is at a very serious disadvantage in bidding against a concern which is not conforming to the code. To admit the latter class to bid would in many cases penalize the former for their coöperation with the Federal Government.

As we stated at the outset, invitation of bids is within your discretion in making purchases under that part of section 2409 which we have quoted. Therefore, you could not be charged with violating the law even though there were no clear justification for your refusal to invite proposals from a particular concern. All the more are you free from a charge of illegality when your reason for declining to invite a particular concern to bid is its refusal to conform to the President's regulations made under authority of the National Industrial Recovery Act.

Accordingly, you are advised that under the circumstances stated in your inquiry, the contract you have awarded is lawful and may lawfully be carried out.

From C. P. Addams, Harrisburg, Pa.